**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**CHRISTOPHER L. DERYCK**
2055 Alihilami Place
Honolulu, Hawaii 96822

Plaintiff,

V.

**DEPARTMENT OF DEFENSE**
1000 Defense Pentagon
Washington, District of Columbia 20301

And

**DEPARTMENT OF THE NAVY**
1200 Navy Pentagon
Washington, District of Columbia 20350

And

**DEFENSE COUNTERINTELLIGENCE AND SECURITY AGENCY**
Building 600, 10th Street
Fort George G. Meade, MD 20755-5615

**JOY F. GREENE**
Supervisory Government Information Specialist
Defense Counterintelligence and Security Agency
27130 Telegraph Rd.
Quantico, VA 22134

**ADMIRAL SAMUEL J. PAPARO**
Commander
U.S. Pacific Fleet
250 Makalapa Drive
JBPHH, HI 96860-3131

**COMPLAINT**
**Civil Action No:** ____________________

**CAPTAIN DUSTIN WALLACE** )
Fleet Judge Advocate, U.S. Navy )
250 Makalapa Dr. )
Pearl Harbor, HI 96860 )
)
**DARLENE A. LOVELL-PARKER** )
Security Director, U.S. Pacific Fleet )
250 Makalapa Dr. )
Pearl Harbor, HI 96860 )
)
**JOHN DOES 1-10** )
Federal Government Employee )
)
)
**As to each Defendant Serve:** )
Matthew M. Graves )
United States Attorney for The )
District of Columbia )
555 4th Street NW )
Washington, DC 20530 )
)
Attorney General of the )
The United States )
U.S. Department of Justice )
10th & Constitution Avenue, NW )
Washington, District of Columbia 22314 )
)
Defendants. )

**COMPLAINT FOR DEMAND FOR DECLARATORY AND INJUNCTIVE RELIEF**

For his Complaint, Christopher L. Deryck ("Mr. Deryck" or "Plaintiff"), by the undersigned counsel, states as follows:

1. Plaintiff, Mr. Deryck, brings this action for injunctive relief and other appropriate relief and seeks the disclosure and release of agency records improperly withheld from Plaintiff by the Defendants, the Department of Defense, and their subordinate agencies, pursuant to the

Privacy Act of 1974, 5 U.S.C. §552a et seq. ("PA") and the Freedom of Information Act, 5 U.S.C. §552(a) et seq. ("FOIA").

2. While the Plaintiff acknowledges security clearance revocations and denials are reserved for the individual agencies' review, these claims satisfy the constitutional exceptions to the rule. In this case, the Defendants' basis for withholding numerous responsive documents violates Plaintiff's procedural and substantive due process rights pursuant to the Fifth Amendment and by extension the unequal enforcement of SEAD 4, Security Clearance Guidelines.

**PARTIES**

3. Plaintiff is a United States citizen and a resident of Hawaii.

4. The Defendant, Department of Defense, and their federal agencies fall under the definition of "federal government agency" within the meaning of (1) 28 U.S.C. §1346(b), 28 U.S.C. §2401(b), and 28 U.S.C. §2671, and (2) 5 U.S.C. §552(f)(1) and 5 U.S.C. §552a(a)(1). The Defense Counterintelligence and Security Agency (DCSA) is a component of the Department of Defense, headquartered at Quantico, VA. The Department of the Navy is a component of the Department of Defense, headquartered at Washington, D.C. The DOD is in possession, custody, and control over documents and records about Mr. Deryck.

**JURISDICTION**

5. The Court has both subject matter jurisdiction over this action and personal jurisdiction over the Defendants pursuant to 5 U.S.C. §552(a)(4)(B), 5 U.S.C. §552a(g)(1), and 28 U.S.C. §1331. The Court has the authority to issue declaratory and injunctive relief under 28 U.S.C § 1361. The venue is proper in this Court pursuant to 5 U.S.C. §552(a)(4)(B), 5 U.S.C. §552a(g)(5), and 28 U.S.C. §1391 (b) and (e). The Court has the authority to award

attorneys' fees and expenses under 28 U.S.C. § 2412.

**FACTS**

6. Plaintiff has been employed by the Department of the Navy as a full-time, permanent federal employee since June 2004 to the present day.

7. On September 30, 2020, the Department of the Navy alleged Plaintiff committed security policy violations involving bringing his personal electronic device into secured areas on or about September 28-29, 2020.

8. As a result, the Department of the Navy conducted a preliminary inquiry into the possible security violations between October 1-7, 2020. **Exhibit A**.

9. Plaintiff was sent home from the office on 30 September 2020 and was technically sent to work from home starting 1 October 2020.

10. Despite the investigating officer indicating that the command "take no further action" on October 8, 2020, the Department of the Navy saw fit to administratively suspend Plaintiff's security clearance until DCSA[1] could "determine the appropriate level of clearance" for Plaintiff.

11. Plaintiff was placed on Administrative Leave (with pay) on 23 November 2020 and was subsequently notified on 22 December 2020 that his Branch Head was proposing an indefinite suspension pending the outcome of DCSA's determination. **Exhibit B.**

12. Plaintiff next received a letter dated 29 January 2020 from Deputy N5 notifying him of their decision to suspend Plaintiff from his position indefinitely.

---

[1] The DCSA was previously named the Department of Defense Consolidated Adjudications Facility or DoDCAF; therefore, references to DCSA and/or DoDCAF are referring to the same agency herein.

13. Because Plaintiff's job with the Department of the Navy required a specific level of security clearance, the suspension of this clearance resulted in the Department of the Navy placing Plaintiff in a Leave Without Pay (LWOP) Status since February 8, 2021. **Exhibit C.**

14. On or about January 6, 2022, the DCSA sent a memorandum to Plaintiff through the Commander, U.S. Pacific Fleet (via the Security Management Office), issuing a Statement of Reasons (SOR) and indicating its intent to revoke Plaintiff's access to certain levels of classified information. **Exhibit D.**

15. Plaintiff indicated his intention to respond to the Statement of Reasons and immediately requested the records relied upon by the Department of the Navy and DCSA on January 15, 2022, and February 15, 2022, respectively. **Exhibit E**.

16. Plaintiff requested these records so that he may meaningfully and intelligently provide his response to the SOR so that he may have his clearance reinstated; reinstatement of his clearance is a necessary step to allow him to return to performing his job duties and leave a non-pay status that Defendants have left him in for over two years.

17. To date, despite multiple requests, upon information and belief, neither Defendant agency has complied with its obligations under FOIA or the PA, leaving Plaintiff requesting multiple extensions to his deadline to respond to the SOR. Each extension Plaintiff is required to seek due to the Defendants' unnecessary and unlawful delay results in additional weeks and months where he is left unable to work in his specialized field and further loss of income.

**Department of the Navy Records Request**

18. The Department of the Navy acknowledges the FOIA request on Plaintiff's behalf dated January 15, 2022. At that time, they assigned the case file number DON-NAVY-2022-003499. **Exhibit F**.

19. Having not received a *single* record related to the January 15, 2022 request, on May 13, 2022, Plaintiff's counsel submitted an expedited FOIA / PA request to the Department of the Navy. **Exhibit G.**

20. The request satisfied the requirements for expedited processing because the requested documents formed the basis of the suspension of the Plaintiff's security clearance. Plaintiff's ability to review such documents is critical for him to be able to exercise his due process rights meaningfully.

21. The Department of the Navy received and acknowledged this request and provided FOIA Request Tracking number DON-NAVY-2022-008314. **Exhibit H.**

22. On June 6, 2022, Captain Dustin Wallace, Fleet Judge Advocate for the U.S. Navy Pacific Fleet (PACFLT), responded denying Plaintiff's request as "overly broad." **Exhibit I**.

23. Plaintiff modified and clarified its request, which prompted Capt. Wallace to provide a subsequent response on June 23, 2022. In this response, Capt. Wallace indicated that his office located "one record" and that this "record is being partially released to you with redactions." His alleged authority for the redactions rested on FOIA exemptions (b)(6) and (b)(7)(C) and Privacy Act exemption (k)(2). **Exhibit J**.

24. Upon review of the "one record" provided by the Department of the Navy, Plaintiff forwarded a supplemental FOIA request on July 6, 2022, specifically requesting certain information concerning Plaintiff's timecard records, a copy of the psychological evaluation performed on Plaintiff, and other specific items relating to Mr. Deryck's employment. **Exhibit K**.

25. The Department of the Navy responded on July 12, 2022, indicating that the information Plaintiff sought should be directed to the DCSA. **Exhibit L**.

26. The exact records to which the Department of the Navy referred were not, in fact, within DCSA's response to Plaintiff's FOIA request.

27. Further, as Plaintiff's employing agency, the Department of the Navy was the appropriate release authority for several of the records specifically sought by Plaintiff and denied by Defendant Department of the Navy. Therefore, upon information and belief, Plaintiff alleges the Department of the Navy has either intentionally or negligently failed to identify and provide all relevant, responsive documents and records.

28. On or about September 16, 2022, Plaintiff sent follow-up correspondence to the Department of the Navy to clarify and reiterate its July 6, 2022 request, to which the Department of the Navy has either willfully or negligently failed to respond.

29. Upon information and belief, Defendant Department of the Navy is willfully withholding records responsive of Plaintiff's request; namely, prior to the Department of the Navy suspending Plaintiff, Plaintiff complained about working far more than eight hours in a given workday, despite only being compensated for eight hours of work time.

30. Rather than address Plaintiff's workload, the command sent Plaintiff to two command-direct psychological evaluations. Both psychological reports did not have any concerns for the Plaintiff and his ability to continue to perform his job.

31. Upon information and belief, Defendant Department of the Navy willfully withheld records, including but not limited to electronic timekeeping records reflecting Plaintiff's time at work, to prevent proof of an Antideficiency Act violation.

32. Upon information and belief, the Department of the Navy has suspended Plaintiff as an act of reprisal for Plaintiff making the aforementioned working hours complaint, and the willful withholding of responsive records is an additional and continual act of reprisal effectuated in order to continue to prevent Plaintiff from meaningfully responding to the SOR.

33. Such acts not only violate FOIA and the Privacy Act, but such willful and deliberate withholding and violation of Plaintiff's rights amount to a gross violation of Plaintiff's substantive and procedural due process rights.

**DCSA Records Request**

34. DCSA acknowledged receipt of the February 15, 2022 request on February 24, 2022, and responded on March 10, 2022, releasing just one document (See **Exhibit M)**; as a result, on or about May 4, 2022, Plaintiff submitted an expedited FOIA/PA request to DCSA. This request was also sent electronically on May 9, 2022. **Exhibit N and Exhibit O.**

35. The request satisfied the requirements for expedited processing because the requested documents formed the basis of the suspension of the Plaintiff's security clearance. Plaintiff's ability to review such documents is critical for him to exercise his due process rights meaningfully.

36. On or about May 20, 2022, DCSA acknowledged Plaintiff's request and assigned the request with tracking number DCSA-M 22-07122. **Exhibit P.**

37. On June 24, 2022, having not received any response from DCSA, Plaintiff's counsel followed up with the DCSA to inquire into the status of DCSA-M 22-07122. **Exhibit Q**.

38. On July 5, 2022, DCSA responded to Plaintiff's aforementioned FOIA / PA request indicating that there were records partially releasable to Plaintiff but relied on several, albeit incorrectly alleged/applied, exemptions under the Privacy Act and FOIA to withhold 35

pages in their entirety; namely, DCSA relied on exemptions (d)(5) under the Privacy Act and exemptions (b)(5), (b)(6), and (b)(7)(C) under FOIA. **Exhibit R.**

39. Furthermore, upon information and belief, DCSA found records under the release authority of the Department of the Navy. However, records were never provided. **Exhibit R.**

40. Since Plaintiff filed a Privacy Act request, the Defendants could only assert a FOIA exemption if there were a corresponding Privacy Act exemption similarly claimed, which clearly did not occur for FOIA exemptions (b)(6) and (b)(7)(C). While FOIA (b)(5) and Privacy Act (d)(5) are similarly-situated exemptions, (d)(5) was improperly asserted by DCSA.

41. To date, DCSA has not provided all of the requested records, violating the required statutory timelines.

42. Defendant's continued refusal to disclose the rest of the investigative file will result in preventing Plaintiff a meaningful opportunity to defend himself in his security clearance appeal, which Plaintiff asserts results in the DCSA violating Plaintiff's 5th Amendment right to due process.

**COUNT I**
**(Violation of the Privacy Act, 5 U.S.C. §552a )**

43. Plaintiff realleges paragraphs 1 through 42 as if fully stated herein.

44. Plaintiff is an individual seeking access to information about himself.

45. Any documentation in the possession, custody, and control of Defendants is a record maintained in a system of records, as described 5 U.S.C. §552a(a)(4)- (5).

46. Upon information and belief, there are records responsive to Plaintiff's request that are being withheld in full, and Defendants violated 5 U.S.C. §552a when the agency closed Plaintiff's properly referred FOIA/PA request. Defendants are wrongfully withholding records and information requested.

47. Plaintiff has exhausted all required and available administrative remedies.

48. Plaintiff has a legal right under the Privacy Act to obtain the information he seeks, and there is no legal basis for Defendants' denial of said right. Defendants' refusal to provide Plaintiff with the requested records amounts to a deprivation of Plaintiff's federal rights. The DOD and DCSA's failure to respond to Plaintiff's FOIA request violated the statutory deadline imposed by the FOIA in 5 U.S.C. §552(a)(6)(A)(i).

49. WHEREFORE, Plaintiff requests that this Court award him the following relief: (1) declare that Defendants violated the Privacy Act; (2) order Defendants to immediately disclose the requested records; (3) award Plaintiff reasonable cost and attorney's fees as provided in 5 U.S.C. §552a(g)(3)(B); and (4) grant such other relief as the Court may deem just and proper.

**COUNT II**
**(Violation of the Freedom of Information Act-5 U.S.C. §552a)**

50. Plaintiff realleges paragraphs 1 through 49 as if fully stated herein.

51. Defendants are unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. §552.

52. Plaintiff has exhausted applicable administrative remedies.

53. Plaintiff is being irreparably harmed because of Defendants' unlawful withholding of requested records. Plaintiff will continue to be irreparably harmed unless the Defendants are compelled to conform its conduct to the requirements of the law.

54. Defendants' actions are causing the following irreparable damages: (1) Plaintiff's professional reputation is being ruined, and (2) Plaintiff's ability to ever again work in this highly specialized field or gain comparable employment elsewhere is in jeopardy.

55. WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare that Defendants violated the Freedom of Information Act; (2) order Defendants to immediately disclose the requested records; (3) award Plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. §552(a)(4)(E); and (4) grant such other relief as the Court deems just and proper.

**COUNT III**
**Due Process Claims against the Defendants for violating the Due Process Clause of the Fifth Amendment of the United States Constitution.**

56. Plaintiff adopts and incorporates by reference paragraphs 1 through 55 as if fully stated.

57. Plaintiff has a Fifth Amendment right to Due Process of law before the government deprives him of life, liberty, or property. Once an Agency makes a decision based on an investigation, a bare minimum amount of procedural and substantive due process attaches in order for the subject of the investigation to have a meaningful opportunity to defend him/herself.

58. Defendants are withholding several pages of the underlying investigation and failing or choosing to disclose entire records that served as the basis for the security clearance suspension.

59. Plaintiff has protectable liberty interests – fundamental rights — in due process of law under the Fifth Amendment.

60. The Defendants, either by discriminatory motive or intent or through reckless or callous indifference to the Plaintiff's federally protected rights, erroneously withheld a significant portion of the investigation in a subjective, erroneous, arbitrary, capricious, and with standardless discretion, thereby intentionally violating the Plaintiff's constitutional rights.

61. The threat was imminent and did occur that the conduct of the Defendants

deprived the Plaintiff of due process of law under the laws of the United States on or about February 8, 2021, and every day since, and the deprivation directly and proximately caused Plaintiff to suffer the loss of his protected freedoms, as well as his career he had worked hard to obtain and maintain, unlawfully depriving him of a means to provide for his family.

62. The Defendants have violated the Plaintiff's procedural due process by failing to follow the proper processes and procedures for governing security clearances. Instead, the Defendants have held the Plaintiff in purgatory pending an unknown timeline for a decision by failing to provide the complete investigation, the predication, for the security clearance suspension.

63. The Defendants violated Plaintiff's substantive due process by revoking the client's security clearance without providing him with all relevant materials to defend himself.

64. WHEREFORE, the Plaintiff, is entitled to relief in the form of (1) a declaratory order that Defendants are in violation of the Fifth Amendment; (2) an injunction compelling the Defendants to: (i) cease discriminating against Plaintiff; (ii) cease inserting unconstitutional criteria into Defendants' processes; and (iii) adjudicate Plaintiff's clearance issue favorably and reinstate Plaintiff with all benefits, including but not limited to retirement income and years of his retirement multiple, back pay, and compensate him for harm caused; (3) award Plaintiff reasonable costs and attorney's fees; and (4) grant such other relief as the Court may deem just and proper.

**COUNT IV**
**Unequal Enforcement of SEAD 4 against the Defendant**

65. The Plaintiff adopts and incorporates by reference paragraphs 1 through 64 as if fully stated.

66. SEAD 4 is a directive issued by the executive branch guiding the issuance of

security clearance by establishing 13 adjudicative guidelines, which include aggravating and mitigating factors.

67. Plaintiff's security clearance was denied based upon: (1) Guideline "E," Personal Conduct; and (2) Guideline "K," Handling Protected Information.

68. The command's investigation specifically stated that no further actions should occur; DoD CAS decided to rely upon the Command's decision to ignore the investigating officer's recommendation and use the allegations as a basis for suspending the Plaintiff's clearance.

69. The burden of proof for the investigation was by a preponderance of the evidence, the same standard that is applied for security clearance determinations.

70. Even more problematic is the fact that Plaintiff made clear Anti-Deficiency Act violations were occurring and now the command refuses to provide those records that would prove these claims and support the stress that the Plaintiff was under at the time of the alleged incidents which factored into the investigators recommendation for no futher action.

71. WHEREFORE, the Plaintiff, is entitled to relief in the form of (1) a declaratory order that Defendants are in violation of the Fifth Amendment; (2) an injunction compelling the Defendants to (i) cease discriminating against Plaintiff; (ii) cease inserting unconstitutional criteria into Defendants' processes; and (iii) adjudicate Plaintiff's clearance issue favorably and reinstate Plaintiff with all benefits, back pay, and compensate him for harm caused; (3) award Plaintiff reasonable costs and attorney's fees; and (4) grant such other relief as the Court may deem just and proper.

**COUNT V**
***(Bivens* - All Other Individually-Named Defendants)**
**Due Process Claims against the Defendants for violating the Due Process Clause of the Fifth Amendment of the United States Constitution**

72. Plaintiff adopts and incorporates by reference paragraphs 1 through 70 as if fully Stated.

73. Plaintiff has a Fifth Amendment right to Due Process of law before the government deprives him of life, liberty, or property. Once an Agency makes a decision based upon an investigation, a bare minimum amount of procedural and substantive due process attaches in order for the Applicant to have a meaningful opportunity to defend themself.

74. Defendants are withholding several pages of the underlying investigation and choosing to or failing to provide responsive records in their entirety that served as the basis for the security clearance suspension.

75. Plaintiff has protectable liberty interests – fundamental rights — in due process of law under the Fifth Amendment.

76. The Defendants, either by discriminatory motive or intent or through reckless or callous indifference to the Plaintiff's federally protected rights, erroneously withheld a significant portion of the investigation in a subjective, erroneous, arbitrary, capricious, and with standardless discretion, thereby intentionally violating the Plaintiff's constitutional rights.

77. The threat was imminent and did occur that the conduct of the Defendants deprived the Plaintiff of due process of law under the laws of the United States on or about October 1, 2020, and every day since, and the deprivation directly and proximately caused Plaintiff to suffer the loss of his protected freedoms, as well as his career he had worked hard to obtain and maintain, unlawfully depriving him of a means to provide for his family.

78. The Defendants have violated the Plaintiff's procedural due process by failing to follow the proper processes and procedures for governing security clearances. Instead, the Defendants have held the Plaintiff in purgatory pending an unknown timeline for a decision by

failing to provide the complete investigation, the predication, for the security clearance suspension.

79. The Defendants violated Plaintiff's substantive due process by revoking the client's security clearance without providing him all relevant materials to defend himself.

80. WHEREFORE, Plaintiff, is entitled to relief in the form of (1) a declaratory order that Defendant, DoD, violates the Fifth Amendment; (2) an injunction compelling Defendant to: (i) cease discriminating against Plaintiff; (ii) cease inserting unconstitutional criteria into Defendants' processes; and (iii) adjudicate Plaintiff's clearance issue favorably and reinstate Plaintiff with all benefits, back pay, and compensate him for harm caused; (3) award Plaintiff reasonable costs and attorney's fees; and (4) grant such other relief as the Court may deem just and proper.

**COUNT VI**

81. Plaintiff realleges paragraphs 1 through 79 as if fully stated herein.

82. At the time and place aforesaid, John Does 1-10 and the federal government: acted in such a manner as to violate the Plaintiff's constitutional rights; denied the Plaintiff his due process; unequally applied SEAD 4 and other applicable laws, regulations, and/or policies; and otherwise acted in a manner that harmed the Plaintiff.

83. WHEREFORE, Plaintiff demands judgment against the defendants John Does 1-10 and the federal government individually, jointly, and severally plus damages, interest, and costs of suit.

**PRAYER FOR RELIEF AS TO COUNTS I-II**

Plaintiff respectfully requests that the Court:

84. Declare the DoD and DCSA's failure to comply with FOIA to be unlawful;

85. Order the DoD and DCSA to conduct an independent and comprehensive search of its documents and records in response to Plaintiff's FOIA Requests, control numbers DON-NAVY-2022-003499, DON-NAVY-2022-008314, and DCSA-M 22-07122.

86. Order the DoD and DCSA to produce all responsive records without further delay or charge.

87. Enjoin the DoD and DCSA from continuing to withhold records responsive to Plaintiff's FOIA Requests to Defendants;

88. Award Plaintiff attorneys fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and

89. Grant such other relief as the Court deems just and proper.

**PRAYER FOR RELIEF AS TO COUNTS III-VI**

90. Declare that the Defendants violated the Plaintiff's protected constitutional rights under the Due Process Clause of the Fifth Amendment of the United States Constitution;

91. A preliminary and permanent injunction prohibiting Defendants from continually violating Plaintiff's constitutional rights and associated practices challenged in this Complaint;

92. Award compensatory and punitive damages against Defendants in the amount of $100,000,000.00 (ONE-HUNDRED MILLION DOLLARS); and

93. Award Plaintiff his reasonable attorney fees, litigation expenses, and costs as allowed under applicable laws/case law, and grant such other relief as this Court deems just to the Plaintiff and his attorneys.

Dated: October 27, 2022

Respectfully submitted,

By:________________________

BRETT O'BRIEN, ESQ
DC Bar License #: 1753983
NATIONAL SECURITY LAW FIRM, LLC
1250 Connecticut Avenue NW
Washington, DC 20036
Phone: (202) 600-4996
Fax: (202) 545-6318